793 F.2d 1293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GEODECKI QUILLEN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-1445
 United States Court of Appeals, Sixth Circuit.
 5/29/86
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: Contie and Ryan, Circuit Judges; and Brown, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Plaintiff-Appellant Geodecki Quillen (plaintiff) appeals from a judgment entered by the district court affirming the decision of the Secretary of Health and Human Services (Secretary) denying plaintiff social security disability benefits. On appeal, plaintiff principally claims the decision of the Secretary was not supported by substantial evidence. For the reasons set forth below, we affirm the judgment of the district court.
 
 
 2
 Plaintiff was born in 1932 and has a limited education. Plaintiff last worked as a plater repairman for Firestone Steel Products On April 26, 1982. This job was classified as semi-skilled and required medium to heavy lifting, stooping and bending.
 
 
 3
 Plaintiff filed an application for social security disability benefits on August 6, 1982, claiming disability due to back and knee problems. This application was denied initially and upon reconsideration. Plaintiff received review of his application before an administrative law judge (ALJ), who in a decision dated September 27, 1983, denied plaintiff's request for benefits. The ALJ found that plaintiff had demonstrated medical impairments, severe post-laminectomy syndrome and chronic obstructive lung disease, but had retained the residual functional capacity to perform a full range of sedentary work. Thereafter, the Appeals Council on January 26, 1984, denied plaintiff's request for review.
 
 
 4
 Plaintiff filed the instant action in district court on March 6, 1984, seeking review of the final decision of the Secretary. The district court appointed a magistrate to consider this claim and to file a report and recommendation. The magistrate recommended that the decision of the Secretary be affirmed and this recommendation was adopted by the district court on April 9, 1985.[1] Thereafter, plaintiff filed an appeal with this court on May 30, 1985.
 
 
 5
 There is no disagreement in the instant case that plaintiff suffers from physical impairments which preclude him from returning to his former line of work. The evidence presented by plaintiff and noted by the ALJ in his report indicates that plaintiff suffers from post-laminectomy syndrome and chronic obstructive lung disease. The issue is whether plaintiff's medical conditions rise to the level of 'disability' within the meaning of the regulations such that plaintiff cannot 'engage in any other kind of substantial gainful work which exists in the national economy . . ..' 42 U.S.C. Sec. 423(d)(2)(a) (1982).
 
 
 6
 The ALJ found that plaintiff had residual functional capacity to perform a full range of sedentary work. Similarly, the magistrate found that plaintiff was capable of unskilled work in a clean environment. Citing the testimony of the vocational expert, the magistrate stated that 'given plaintiff's ability to do only sedentary work, there are 6,000 to 8,000 unskilled sedentary jobs which could be performed despite [plaintiff's] pulmonary deficiency and lower back pain.' Report and Recommendation of the Magistrate at 6.
 
 
 7
 Plaintiff disagrees with the magistrate's conclusion that there are 6,000 to 8,000 jobs in the Detroit area that he is able to perform. Plaintiff claims that this conclusion, which was based on the testimony of the vocational expert, does not take into account the fact that plaintiff suffers from a severe limitation of forward flexion. Moreover, plaintiff claims, according to the testimony of the vocational expert, the 6,000 to 8,000 jobs require a forward flexion of at least forty-five degrees, a range of motion which the plaintiff lacks.
 
 
 8
 Plaintiff's contention is based on the following testimony by the vocational expert:
 
 
 9
 ALJ: [H]e indicated that the forward [flexion] of the individual was only to fifteen degrees as compared to what ninety would be full forward [flexion]. Would that in any way affect sedentary work?
 
 
 10
 Expert: [I]t would be my general observation that people . . . do sedentary work either at a machine or either at a bench. Assuming a totally upright position to be ninety degrees if my geometry is right today. I would say the [sic] most people work at a position that approximates forty-five degrees, that is they don't bend all the way over to ninety but you do tilt forward to a bench, to a machine, to a table, and it would seem to me again it would seem that you would have half of the normal full range of forward [flexion].
 
 
 11
 ALJ: Are you telling me that anyone that [sic] doesn't have a forty-five degree [flexion] can't do anything?
 
 
 12
 Expert: If I'm understanding as I say the geometry [is] correct, it would seem very difficult.
 
 
 13
 Joint Appendix at 94. Certainly, this testimony, although somewhat vague, supports plaintiff's position that the number of unskilled, sedentary jobs the magistrate found plaintiff capable of performing was far more limited in number than indicated by the magistrate in his report. However, the vocational expert also indicated that one who could sit, eat, read and write at a table was capable of performing sedentary work. There is no dispute that plaintiff can perform these tasks. Moreover, contrary to plaintiff's claims of severe motion limitation, there is evidence in the record from Dr. Newman, plaintiff's last treating physician, indicating that plaintiff has a forward flexion of forty-five degrees which would permit him to perform a full range of sedentary work.
 
 
 14
 Plaintiff next claims that the magistrate failed to address why plaintiff's case did not fit within Rule 210.10 of 20 C.F.R., Part 404, Subpart P, App. 2 (1985) (the grid). Plaintiff maintains that his advanced age, limited education and nontransferable job skills direct a finding under Rule 201.10 of disabled.[2]
 
 
 15
 Plaintiff's reliance on Rule 201.10 is misplaced. The grid is only directly applicable where exertional impairments or limitations preclude the transferability of work skills. 20 C.F.R., Part 404, Subpart P, App. 2, Section 200.00(e)(1). In the instant case, plaintiff has an exertional and a nonexertional limitation. The nonexertional limitation, plaintiff's pulmonary condition, does not allow for the transferability of his work skills. Therefore, as recognized by the magistrate, it is inappropriate to utilize the grid in any manner other than as a guide. 20 C.F.R., Part 404, Subpart P, App. 2, Section 200.00(d).
 
 
 16
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 An amended order and judgment, again adopting the magistrate's report, was subsequently filed on June 13, 1985 recognizing plaintiff's objections to the magistrate's report. The April 9th order had erroneously stated that neither party had objected to the magistrate's report and recommendation
 
 
 [2]
 Rule 210.10 directs a finding of disabled where the claimant is closely approaching advanced age, has less than a high school education and has skills which are not transferable. A thorough discussion of the mechanics of the grid is contained in Kirk v. Secretary of Health and Human Services, 667 F.2d 524 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983)